2002 OK CIV APP 30

**Edward William ALLEN, Jr., Plaintiff/Appellant,**

v.

**Greg A. ZIGLER, Defendant/Appellee.**

**No. 96,219.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Dec. 21, 2001.

Rehearing Denied Jan. 15, 2002.

Edward William Allen, Jr., Lexington, OK, Appellant, Pro Se.

Tracy Folsom Milner, Asst. Attorney General, Oklahoma City, OK, For Appellee.

### OPINION

CARL B. JONES, Judge:

¶1 Appellant, a *pro se* litigant, in the custody of the Oklahoma Department of Corrections, brought this action against an Oklahoma District Court Judge, Greg Zigler. Judge Zigler had presided over an earlier civil action involving the guardianship of Appellant's children. Appellant alleged that Judge Zigler was biased, abused his discretion, violated his constitutional rights and was guilty of fraud, collusion and dishonesty. The judge presiding over the instant case sustained a motion to dismiss the petition on the grounds of judicial immunity.

¶2 Motions to dismiss for failure to state a claim should not ordinarily be successful unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Niemeyer v. U.S.F. & G.,* 1990 OK 32, 789 P.2d 1318, 1321. In reviewing a trial court's disposition of a case by dismissal, the appellate court examines the issues *de novo. Miller v. Miller,* 1998 OK 24, 956 P.2d 887.

¶3 In this appeal, Appellant again takes issue with the honesty and integrity of the judge who ordered the dismissal. This judge is accused of "blatant and flagrant mendacity", "pervasive personal and actual bias", "misrepresentation and fraud", and "still more criminal acts while vitiating this petitioner's constitutional rights ...". The issue though is whether the doctrine of judicial immunity applies so as to preclude Appellant's action against Judge Zigler.

¶4 It has long been the law that judges enjoy absolute immunity from damages for acts performed in their judicial capacities. The United States Supreme Court stated in *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967):

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher,* [80 U.S.] 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (*Scott v. Stansfield,* L.R.3 Ex. 220, 223 [1868 WL 9945] (1868), quoted in *Bradley v. Fisher,* supra, 349, note at 350.)"

See also, e.g., *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 186, 188, 66 L.Ed.2d 185 (1980); *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980); *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 287, 288, 116 L.Ed.2d 9 (1991); *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). This immunity is not only an immunity from damages, but also an immunity from the suit itself. *Mireles v. Waco,* supra, at 288. *Mireles* also clarifies that there are only two exceptions of this doctrine of judicial immunity. First, there is no immunity "for actions not taken in the judge's judicial capacity"; and, second, there is no immunity for actions, though judicial in nature, taken "in the complete absence of all jurisdiction". *Id.*

¶5 The cases cited by Appellant are inapplicable. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) did not involve judicial immunity, but rather the question of whether the auditor general of the State of Pennsylvania should be entitled to immunity in a civil rights action. Appellant also cited *Kalina v. Fletcher,* 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), an action against a federal prosecutor rather than a judge. Judicial immunity was not involved. Appellant also cited *Forrester v. White,* supra, which involved acts by a judge, not in his judicial capacity, but rather in an administrative capacity. A judge performing administrative, legislative or executive functions may not be entitled to the same absolute immunity that attaches to a judicial act. *Forrester,* supra, at 545.

¶ 6 All allegations against Judge Zigler stem from judicial proceedings and involve actions performed in his judicial capacity. There is also no allegation or indication that there was a complete lack of jurisdiction. The trial court properly dismissed the case. The other issues raised by Appellant in his brief are moot. A "Motion to Stay Proceedings" filed in this Court in October, 2001, is denied. The appeal was perfected and fully briefed. There is no reason why this opinion should be delayed.

¶ 7 AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.